IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARSHALL RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-165 |
| | ) | |
| WELLPATH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have taken place at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   SCREENING THE COMPLAINT

   A.   BACKGROUND

In his complaint, Plaintiff names as Defendants: (1) Wellpath, (2) Georgia Department of Corrections ("GDOC"), (3) Warden J. Kevin Perry, and (4) Dr. Kendall Liner. (Doc. no. 1, pp. 1, 5.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. In November 2021, Plaintiff made unidentified individuals within Wellpath and the GDOC aware of potential melanoma on his back. (Id. at

4.) A consult was scheduled, canceled for unknown reasons, and Plaintiff missed his follow-up visit. (Id.)

In January 2023, Plaintiff complained of a growth from the same spot and was sent to see Dr. Kendall Liner at ASMP. (Id.) Dr. Liner stated a "punch biopsy/shave biopsy/ED+C" should be performed. (Id.) Dr. Liner and her assistant "lied to [him] to get his signature on the . . . consent form" to perform the procedure. (Id. at 7.) After an "excisional bx" was done because Plaintiff had a risk of metastasis, Dr. Liner "closed [him] back up without clearing the margins." (Id.) The risk of metastasis, however, was a lie and "criminal negligence." (Id.) Because of Dr. Liner's actions, the same type of potential cancer from Plaintiff's back is now in his left armpit lymph nodes. (Id.) A doctor at Emory said the lymph nodes must be removed. (Id.) Plaintiff requests monetary damages. (Id. at 6.)

**B.  DISCUSSION**

**1.  Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

  **2.  The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff does not disclose any prior federal cases.  (See generally doc. no. 1.)  However, the Court is aware Plaintiff previously had two other cases pending in federal court: Rice v. Elrod, et al., 1:15-CV-03759 (N.D. Ga. Dec. 29, 2015) and Rice v Perry, 2:20-CV-0089-RWS (N.D. Ga. Mar. 17, 2022).  Plaintiff commenced these cases before filing his complaint in the instant case, meaning he had every chance to fully disclose his prior filing history.

3

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

### 3.     **Plaintiff Fails to State a Claim Against Defendant Perry**

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  While Plaintiff names Defendants Perry in the caption of his complaint, Plaintiff does not mention Defendant Perry anywhere in the statement of his claim nor does he make any allegations associating Defendant Perry with any purported

5

constitutional violations. (See generally doc. no. 1.) Dismissal of Defendant Perry is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

### 4. Plaintiff Fails to State a Valid Deliberate Medical Indifference Claim Against Defendants Dr. Liner and Wellpath

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

Plaintiff fails to state a claim against Dr. Liner for three reasons. First, Plaintiff does not assert Dr. Liner had anything to do with the initial scheduling of Plaintiff's consultation for the potential melanoma on his back in November 2021. Regardless, Plaintiff was later scheduled for a follow-up appointment, missed it for an unknown reason, and was seen in January 2023. (See doc. no. 1, p. 4.) Second, Plaintiff does not allege Dr. Liner denied him medical care altogether, rather, Plaintiff is simply unhappy with the biopsy option chosen and with Dr. Liner's reasoning based on his risk of metastasis. (Id.) Third, Plaintiff fails to connect Dr. Liner with any acts or

omissions beyond pure speculation that the selected biopsy option was the subsequent cause of the cancer in his left armpit lymph nodes.  (Id.)

Moreover, Plaintiff fails to state a medical deliberate indifference claim against Defendant Wellpath.  A private entity contracting to provide medical services is only liable under § 1983 when employing a custom or policy that results in deliberate indifference to an inmate's serious medical needs.  Brown v. Bell, No. 2:20-CV-281, 2022 WL 779771, at *3 (N.D. Ala. Mar. 14, 2022) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)); see also Denham v. Corizon Health, Inc., 675 F. App'x 935, 940 (11th Cir. 2017) (per curiam); Massey v. Montgomery Cnty. Det. Facility, 646 F. App'x 777, 780 (11th Cir. 2016) (per curiam).  However, the law is well established that a healthcare provider's liability cannot be based on "a theory of respondeat superior or vicarious liability alone."  Est. of Hand by & through Hand v. Fla. Dep't of Corr., No. 21-11542, 2023 WL 119426, at *6 (11th Cir. Jan. 6, 2023) (per curiam) (citing Hartley ex rel. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).

Here, Plaintiff points to no custom or policy of Defendant Wellpath, much less one that amounted to any deliberate indifference.  Such omission is fatal to Plaintiff's claim because Defendant Wellpath may only be held liable for a custom or policy that shows deliberate indifference.  Hand, 2023 WL 119426, at *6.  There must be "a persistent and wide-spread practice" rather than "random acts or isolated incidents" to establish a custom or policy.  Id.  Here, Plaintiff provides no details that Defendant Wellpath, through Dr. Liner, had a custom or policy that was even implicated.  Furthermore, there are no allegations that show the necessary causation link between a policy and Plaintiff's constitutional violations.  Instead, Plaintiff is attempting to assert a claim against Defendant Wellpath, as discussed above, based on the care rendered by Dr. Liner.

In sum, Plaintiff fails to state a medical deliberate indifference claim against Defendants

Dr. Liner and Wellpath.

### 5. Defendant GDOC is Not Subject to Liability in a § 1983 Suit

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Because the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, and Defendant GDOC is an agency of the state, it should be dismissed from the case.

## II. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of December, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA